### NANCY B. STOKES v. J. G. WILLIAMS AND ANOTHER.

1—A judgment rendered in 1861 on a note and foreclosing a mortgage on slaves, given to secure the note, being before this court on writ of error, is reformed on account of the emancipation of the slaves, so as to vacate the judgment of foreclosure.

2—There being two defendants to the judgment below, one of whom was administrator of an estate, and this writ of error having been sued out by the other defendant alone, it is *held* that this court has acquired no jurisdiction as to the estate; and the case is therefore dismissed at the cost of the plaintiff in error and his sureties.

ERROR from Ellis. Tried below before the Hon. N. M. Burford.

The opinion sufficiently indicates the facts. The writ of error was sued out in 1861, for the purpose of reversing the foreclosure, because the plaintiff in error had not executed the mortgage in the manner prescribed by the statute—a purpose rendered futile by the abolition of slavery.

*Hawkins & Kemble,* for the plaintiff in error.

No brief for the defendant in error.

MORRILL, C. J.—Appellee instituted suit on a note of Guy Stokes, as well as upon a mortgage of Guy Stokes and his wife, Nancy B. Stokes, of two negroes, to secure the payment of the note, and he obtained a judgment.

During the pendency of the suit Guy Stokes died, and the judgment was that the negroes be sold, the proceeds of the sale be applied to the payment of the debt, and the surplus to the wife; and should the debt be unpaid by the proceeds of the sale, that the part remaining unpaid be ranked among the acknowledged debts of the succession.

We see no error in this judgment, but as the status of the mortgaged property is different now from what it was at the time of the rendition of the judgment, it will be so reformed as to leave out whatever relates to the mortgage and its consequences. And as the succession of Guy Stokes, deceased, has not appealed herein, we have no jurisdiction as to the estate; and, therefore, dismiss the case at the costs of the appellant and sureties.

Ordered accordingly.